UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:19-cr-00048-RLY-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JESSE RUSSELL | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:19-cr-00048-RLY-MJD |
| JESSE RUSSELL, | ) ) | -1 |
| Defendant. | ) ) | |

**ORDER**

Defendant Jesse Russell has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 47. For the reasons explained below, his motion is **DENIED**.

**I.   Background**

In September 2021, Mr. Russell pled guilty to one count production and attempted production of sexually explicit material involving minors, in violation of 18 U.S.C. § 2251(a), and one count of possession of sexually explicit material involving minors, in violation of 18 U.S.C. § 2252(a)(4)(B). Dkt. 44 at 1. In November 2018, Mr. Russell, who was 35 years old at the time, began communicating online with a 14-year-old girl. Dkt. 35 at 11–12. Mr. Russell coerced the girl into creating still images and videos of herself engaging in sexually explicit conduct and had her send the images and videos to him. *Id.* Mr. Russell admitted to knowing the girl was under the age of 18. *Id.* at 12. In July 2019, a forensic examination of two phones used by Mr. Russell's discovered that he possessed 540 videos and 953 images of sexually explicit material involving minors. *Id.* at 12–13. Mr. Russell obtained the images and videos through internet searches and by persuading minors to create and send him images and videos by posing as a teenage boy on social

2

media. *Id.* A document titled, "How to practice child love" was located on a cell phone possessed by Mr. Russell. *Id.* at 13.

Mr. Russell faced a guidelines range of 188 to 235 months of imprisonment. Dkt. 39 at 13. The Court sentenced him to 188 months of imprisonment to be followed by 5 years of supervised release. Dkt. 44 at 2–3. The Bureau of Prisons ("BOP") lists Mr. Russell's anticipated release date (with good-conduct time included) as March 21, 2033. https://www.bop.gov/inmateloc (last visited November 16, 2023).

Mr. Russell filed a *pro se* motion for compassionate release. Dkt. 47. Mr. Russell argues that he establishes extraordinary and compelling reasons for compassionate release because he currently suffers from terminal cancer *Id.* at 3–4. The United States has filed opposition to the motion. Dkt. 52. The motion is now ripe.

## II.   Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (internal quotation marks omitted). On this point, effective November 1, 2023, the

3

United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered said amendments while adjudicating Mr. Russell's motion, as appropriate.

The Court assumes without deciding that Mr. Russell has established that his terminal cancer diagnosis is an extraordinary and compelling reason for compassionate release. The Court nevertheless finds that Mr. Russell is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] Weighing in his favor, he would have the support of his parents with whom he would live as his cancer progresses, dkt. 54, and he has no criminal history prior to the instant case, dkt. 39 at 9–10. Weighing against him, Mr. Russell committed a serious crime, and, if Mr. Russell were released, the public's protection from further crimes cannot be guaranteed as there is no reason to believe he could not resume engaging in similar conduct even with terminal cancer because Mr. Russell's access to internet-connected devices cannot be proscribed with certainty. Further, Mr. Russell is not scheduled to be released from prison until March 2033; releasing him now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Mr. Russell early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes.

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

*See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.   Conclusion

For the reasons stated above, Mr. Russell's motion for compassionate release, dkt. [47], is **DENIED**.

**IT IS SO ORDERED.**

Date: 12/04/2023

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Jesse Russell
Register Number: 17315-028
FMC Butner
Federal Medical Center
P.O. Box 1600
Butner, NC 27509